CATHERINE AGNOLI (6161)
SEAN D. REYES (7969)
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Suite 1800
Post Office Box 45898
Salt Lake City, Utah 84145-0898
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
Attorneys for NATURE'S SUNSHINE
PRODUCTS, INC.

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NATURE'S SUNSHINE PRODUCTS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BJARTE RENE, <br><br> Defendant. | **COMPLAINT** <br><br><br> **2:01CV0112-J** <br><br><br> Case No. |

Plaintiff Nature's Sunshine Products, Inc., hereby complains of Defendant Bjarte Rene and alleges as follows:

### PARTIES

1. Defendant Bjarte Rene ("Rene") is an individual resident of the State of Georgia and resides at 4461 Northside Parkway, Apartment 383, Atlanta, Fulton County, Georgia 30327.

2. Plaintiff Nature's Sunshine Products, Inc. ("NSP"), is a Utah corporation with its principal place of business and corporate headquarters in Provo, Utah.

388023.1

## JURISDICTION

3. This Court has jurisdiction over Defendant Rene by reason of his continuous presence and business operations within the State of Utah. Jurisdiction over Rene is proper pursuant to the Utah Long Arm Statute, Utah Code Ann. § 78-27-22. Further jurisdiction over Rene is proper under Utah Code Ann. § 78-27-24(1), in that NSP's claim for relief arises out of Rene's transaction of business within the State of Utah.

4. This Court has jurisdiction of this matter under and by reason of 28 U.S.C. § 1332(a). Diversity of citizenship exists between NSP and Rene. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. This Court may issue a declaratory judgment and further relief under 28 U.S.C. §§ 2201 and 2202. An actual, justiciable controversy now exists between the parties in which NSP is entitled to the relief sought herein to prevent harm by Defendant Rene that will occur if such relief is not granted.

## VENUE

6. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(a)(2) and (3). A substantial part of the events or omissions giving rise to the claims occurred in this District and Division. Further, Rene is subject to personal jurisdiction in this District and Division.

## GENERAL ALLEGATIONS

7. Plaintiff NSP is a manufacturer and distributor of vitamin and herbal products. Much of NSP's sales are derived from "direct sales" or "network marketing," whereby independent distributors directly sell NSP products to the public and receive a percentage of the

profits of such sales. NSP distributors also recruit and train other individuals to become distributors. The individuals recruited by an existing NSP distributor form part of that distributor's "downline." In turn, a distributor receives a percentage of sales generated from every distributor in his downline. A distributor can receive financial incentives and attain higher ranks of distributorship based on the number of distributors in his downline and their productivity.

8. Defendant Rene began as an NSP distributor in or around 1994 and continued in that capacity through the latter half of 1999. On information and belief, Rene traveled to Utah to conduct business as an NSP distributor on several occasions. During his time as a distributor, Rene created a productive downline of distributors.

9. Despite Rene's success as an NSP distributor, he informed NSP, in or around October of 1999, that he wished to concentrate on developing a start-up Internet business that would occupy most of his time. Rene traveled to Utah to discuss his status as an NSP distributor with NSP officers.

10. Because of the demands of his new business, Rene informed NSP that he wanted to sell his downline to someone who could take his place in NSP and provide guidance and training to the various NSP distributors in his downline. NSP facilitated Rene's goal of selling his downline by identifying some other NSP distributors who might be qualified to purchase and manage Rene's downline.

11. Defendant Rene ultimately decided to sell his downline to another NSP distributor, Roger Price ("Price").

12. On or about February 7, 2000, Rene entered into an agreement with Price's company, "the Herb House," wherein the Herb House agreed to purchase Rene's NSP downline for $500,000.00 (the "Agreement"). Rene signed the Agreement. Price and his wife signed the Agreement as officers of Herb House and as guarantors. There were no other parties to the Agreement. On or about February 15, 2000, the same parties executed a modification to the Agreement. A copy of the Agreement and modification (collectively, the "Agreement") is attached hereto as Exhibit A.

13. Price, his wife, and the Herb House (collectively "Price") were never authorized to enter into the Agreement on behalf of NSP or act in any way that would bind NSP to any duties or obligations under the Agreement.

14. Defendant Rene was not authorized to enter into the Agreement on behalf of NSP or act in any way that would bind NSP to any duties or obligations under the Agreement.

15. NSP was not party to the Agreement, and has no duties or obligations to either Rene or Price arising under the Agreement.

16. Under the terms of the Agreement, Price agreed to pay Rene $300,000.00 of the purchase price upon execution of the Agreement, and the remaining $200,000.00 in monthly installments of $4,000.00 until paid in full.

17. Upon execution of the Agreement, Rene was paid the $300,000.00 required under the Agreement, and this amount is not in dispute.

18. With regard to the monthly payments on the remaining $200,000.00, Price asked NSP to withhold a portion of his monthly NSP commissions to pay Rene. Under separate arrangement with Price, NSP agreed to withhold $4,000.00 of Price's monthly commission and

to send the withheld amount by check to Defendant Rene for as long as Price instructed NSP to do so.

19. NSP sent checks to Defendant Rene in the amount of $4,000.00 in March, April, May and June of 2000. On or around May 31, 2000, Price instructed NSP to cease withholding money from his commission and sending it to Defendant Rene. Price told NSP that Rene was in breach of the Agreement and that his breach was the basis for Price's cessation of payments.

20. As a result of Price's decision to cease making payments under the Agreement, Rene is now demanding payment from NSP on the approximately $184,000.00 remaining to be paid under the Agreement. Rene has threatened to sue NSP for such amount on the grounds that NSP has breached some contractual obligation to Rene.

### FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

21. Paragraphs 1 through 20 are hereby incorporated by reference and alleged as if fully set forth herein.

22. Defendant Rene has claimed that NSP is in breach of express and implied terms of the Agreement because it has ceased sending monthly checks to Defendant Rene. Consequently, Rene has made demand on NSP for approximately $184,000.00, the amount Rene believes he is owed under the Agreement.

23. Pursuant to 28 U.S.C. §§ 2201, NSP is entitled to a declaration of its rights and a declaration that it has no legal obligation to Rene under the Agreement either expressly or impliedly.

24. NSP is not a party to the Agreement. NSP never represented to Rene, Price, or any other individual that it was bound, or intended to be bound by the Agreement. NSP owes no duty to Rene under the Agreement.

25. Because there is no contractual or other basis for Rene's demand that NSP pay the remaining amounts allegedly owed under the Agreement, NSP is entitled to declaratory judgment that it owes nothing to Rene under the Agreement, either expressly or impliedly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NSP prays for the following:

1. Under its First Claim for Relief, for a declaratory judgment that NSP has no legal obligation to Rene under the Agreement and that NSP owes nothing to Rene, whether expressly or impliedly, under the Agreement;

2. For NSP's reasonable Attorneys' fees and costs; and

3. For such other and further relief as the Court deems just and equitable.

DATED this 15th day of February, 2001.

*Catherine Agnoli*

CATHERINE AGNOLI
SEAN D. REYES
PARSONS BEHLE & LATIMER

Attorneys for NATURE'S SUNSHINE PRODUCTS, INC.

Plaintiff:
Nature's Sunshine Products, Inc.
75 East 1700 South
Provo, Utah 84606

Exhibits/ Attachments to this document have **not** been scanned.

Please see the case file.